GRISBAUM, Judge.
This appeal is the result of the trial court’s holding that the plaintiff’s release of all of the solidary obligors-tortfeasors also effected a release of her uninsured motorist (UM) carrier. We affirm.
The sole issue presented is whether “this” release of the named tortfeasors (defendants) effectively released the plaintiff’s UM carrier.
BASIC RECORD FACTS
Plaintiff-appellant, Doretha James, was a guest passenger in a chain reaction automobile accident on June 30,1987. An automobile operated by Reed Holmes collided into the rear of an automobile operated by Karen Pique which collided into the rear of plaintiff-appellant’s vehicle. Plaintiff filed a Petition for Damages against Reed Holmes, Karen M. Pique, and Liberty Mutual Insurance Company, the liability insurer of both Reed Holmes and Karen Pique. As a result of the collision, plaintiff was diagnosed as having cervical herniated nucleus pulposus. On July 13, 1989, she en *1351 tered into a settlement agreement with Reed Holmes, Karen M. Pique, and Liberty Mutual Insurance Company. Counsel for plaintiff, Reed Holmes and Liberty Mutual Insurance Company, and Karen M. Pique and Liberty Mutual Insurance Company subsequently filed a motion and order of dismissal representing the case had been compromised and settled and the matter should be dismissed, without specifically reserving plaintiff’s rights against State Farm Insurance Company. Plaintiff then filed a motion to set for trial on the merits against State Farm Insurance Company as UM carrier, which was opposed by State Farm Insurance Company on the grounds that it, too, was released by the settlement agreement executed by plaintiff in favor of Reed Holmes, Karen Pique, and Liberty Mutual Insurance Company, and further that the case had been dismissed as to all parties in accordance with the general dismissal entered into the court record. By judgment dated February 25,1991, the trial court held that the State Farm Insurance Company was released and the case was dismissed as to all parties in accordance with the settlement and release agreement entered into with Reed Holmes, Karen Pique, and Liberty Mutual Insurance Company, and the order of dismissal entered into the court record. From this judgment, plaintiff appeals.
ANALYSIS — LAW
La.C.C. art. 1803 governs the effect of the release of one solidary obligor as to the remaining ones. That article reads:
Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obli-gors in the amount of the portion of that obligor.
Surrender to one solidary obligor of the instrument evidencing the obligation gives rise to a presumption that the remission of debt was intended for the benefit of all the solidary obligors.[1]
Additionally, La.R.S. 22:1406(D)(4) states:
The following provisions shall govern the issuance of uninsured motorist coverage in this state.
[[Image here]]
In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.
ANALYSIS
The record shows that the release which the plaintiff signed contained the following pertinent language:
*1352 hereby release and discharge on my behalf of any person or persons, firms, corporations or other entity having an interest in the matters which are the subject of this Release, Reed Holmes, Liberty Mutual Insurance Company, as insurer of Reed Holmes, Karen Pique and Liberty Mutual Insurance Company, as insurer of Karen Pique, their respective officers, stockholders, employees, agents, assigns, indemnitors or any other entities not specifically named but connected with them in any way from any and all claims, demands, damages, actions or suits including any and all claims for medical, hospital or other expenses or personal injuries or disabilities of any nature whatsoever, past, present or future, and any property damage claims, past, present or future arising out of or in any matter whatsoever connected with or resulting from either directly or indirectly, a certain automobile collision which occurred on or about June 30, 1987....
Importantly, plaintiff’s counsel also signed the Joint Motion and Order of Dismissal, which reads:
ON MOTION of plaintiff, Doretha James and defendants, Reed Holmes, Karen Pique and Liberty Mutual Insurance Company, appearing herein through undersigned counsel, and on suggesting to this Honorable Court that this matter has been fully compromised and settled and that the above[-]captioned matter should be dismissed with prejudice, each party to bear its own costs.
IT IS ORDERED, ADJUDGED AND DECREED that the above[-]entitled and numbered cause be and is hereby dismissed with prejudice, each party to bear its own costs.
The record also reflects that Liberty Mutual, as liability carrier for Reed Holmes, had a $100,000 single limit policy on Mr. Holmes’ vehicle. Liberty Mutual paid a total of $83,624.13 for the three occupants of the James’ vehicle, approximately $76,000 of which was paid to the plaintiff, leaving approximately $16,000 available on the UM policy. With this scenario of record, we concurrently note that the object of uninsured motorist legislation is to promote the full recovery of damages by an innocent automobile accident victim by making UM coverage available for their benefits as primary protection when the tortfeasor is without insurance and as additional or excess coverage when he is inadequately insured. Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982). This plaintiff settled for an amount under the defendant's policy limits. As a result, she was not underinsured within the meaning of La.R.S. 22:1406(D) and, although not deciding, it appears there is not a cognizable claim against her UM carrier, State Farm.
Under our applicable jurisprudence, the unambiguous and broad language in the plaintiff’s signed release, coupled with the clear language found in the Joint Motion and Order to Dismiss, we find the trial judge was correct in concluding there was a clear intent on behalf of the plaintiff to release her UM carrier, State Farm.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.

. Comment (e) to La.C.C. art. 1803 reads:
The rule of C.C. Art. 2203 (1870), according to which an obligee who remits a debt in favor of one solidary obligor without expressly reserving his right against the others is deemed to have forfeited the entire obligation reproduces the one contained in Article 1285 of the Code Napoleon. French doctrine has unanimously criticized that Article. See 13 Baudry-Lacantinerie et Barde, Traité théo-rique et pratique de droit civil — Des obligations 110-111 (2nd ed. 1905); 5 Colmet de Santerre, Manuel élémentaire de droit civil, No. 144 bis-I (4th ed. 1901); 26 Demolombe, Cours de code Napoleon, No. 396 (1877); 17 Laurent, Principes de droit civil frangais, No. 340 (1876); 8 Hue, Commentaire théorique et pratique du code civil, No. 138 (1894). All of these commentators have said that the French Article is wrong, and have found inexplicable its departure from Pothier, who had made the result in such a case depend upon the obli-gee’s intent. See 2 (Euvres de Pothier, No. 275 (Bugnet ed. 1861).
No doubt responding to those comments, Article 1184 of the Code civil du Quebec provided:
"An express release granted in favor of one of joint and several debtors does not discharge the others; but the creditor must deduct from the debt the share of him whom he has released.” Articles 341 and 342 of the Quebec Draft Civil Code (1977) have preserved this rule. Contemporary common law propounds the same solution. See Restatement, Second, Contracts § 294 (1981).
The change effected by this Article avoids the misunderstanding reflected in Fridge v. Caruthers, 156 La. 746, 101 So. 128 (1924).